(January 26, 1892.)

## McDONALD ET AL. v. BURKE ET AL.
[35 Am. St. Rep. 276, 28 Pac. 440.]

COSTS—EXPENSES INCURRED FOR EXPERTS NOT TAXABLE AS COSTS—NOR STENOGRAPHERS' FEES.—1. Expenses incurred by a party to a suit in the employment of experts are not taxable as costs.

STATUTE AUTHORIZING STENOGRAPHERS' FEES AS COST—STRICTLY CONSTRUED.—2. To entitle a party to tax as costs the fees or charges of a stenographer, it must appear that the same were incurred under the provisions of the statute applicable thereto.

(Syllabus by the court.)

APPEAL from District Court, Shoshone County.

F. Ganahl and McBride & Allen, for Appellant.

No power of the court or of a judge could tax the costs after the expiration of three days, unless the motion was filed within three days after filing the cost bill. The costs, "ascertained" as they have been by the filing of the bill, became a part of the judgment. (*Chapin v. Broder,* 16 Cal. 403.) Statutes governing costs are rules of practice, and the costs in a suit are to be regulated by the statute in force at the time of its termination. (*Billings v. Segar,* 11 Mass. 340; *Commonwealth v. Cambridge,* 4 Met. (Mass.) 35; *Meigs v. Park,* 1 Morris (Iowa), 378; *Jeffery v. Hursh,* 58 Mich. 246, 25 N. W. 176, 27 N. W. 7; *Fisher v. Hunter,* 15 How. Pr. (N. Y.) 156.) Interpreters' fees, expenses of and usual to taking testimony, stenographers' fees, costs of printing papers, costs of necessary copies of deeds used in evidence. (4 Am. & Eng. Ency. of Law, tit. "Costs," subd. 12.)

Woods & Heyburn, for Respondents.

Witness' fees claimed for expert testimony are not allowable as costs. (Lawson on Expert Evidence, 270; *Tuck v. Olds,* 29 Fed. 883; *New Hampshire Land Co. v. Tilton,* 29 Fed. 764; *Miller v. City of Buffalo,* 87 N. Y. 184.) Fees paid the stenographer cannot be taxed as costs. (*Sebley v. Nichols,* 32 How. Pr. 182; *Flood v. Moore,* 2 Abb. N. C. 9; *Watson v. Great Western R. R. Co.,* L. R. 6 Q. B. 163; *Finch v. Calvert,* 13 How. Pr. 13; *Gunther v. Liverpool & L. Ins. Co.,* 10 Fed. 830; *Wooster v. Handy,* 23 Fed. 59, 60, 62.) It is not alleged that the costs claimed by appellants were paid, and it is necessary that these costs should actually be paid before they will be allowed. (*O'Neil v. Kansas City etc. R. Co.,* 31 Fed. 663.)

HUSTON, J.—This is an appeal from an order of the district court for Shoshone county, made after judgment, taxing costs of defendants as the prevailing party in the suit. The action was brought under the provisions of section 2326 of the

United States Statutes. Cause was tried before court with jury. Verdict and judgment for defendants. Judgment was entered on thirteenth day of August, 1890. Cost bill filed August 16, 1890. No notice of filing of cost bill was ever given to or served on plaintiffs or their attorneys. On February 24, 1891, plaintiffs made their motion for taxing of the costs in said action before the district court for said Shoshone county, which motion was granted, and thereupon said district court proceeded to tax the costs in said action, and from the defend-- ants' memorandum of the items of costs and necessary disbursements struck out and disallowed the following items, viz.: "Cost on appeal, paid M. E. Thompson, stenographer, for services in transcribing notes and testimony taken upon the trial, and necessarily incurred in the preparation of the papers on appeal, $345.00; printer's bill for printing briefs for supreme court, reduced from $105 to $40, $65.00; V. M. Clement, for services as surveyor, etc., $1,000; E. T. Williams, assaying and testifying as an expert, $250; Frank Dorey, examining ground, making assays, and testifying as an expert, $500; John H. Hammond, for three trips to said mine, examining the same, and testifying as an expert, $4,000; W. C. Miller, for services as a surveyor on both trials, $250." From the action of the district court in disallowing said items, the defendants appeal.

The first position of appellants in support of their appeal is that, they having filed their cost bill within the time prescribed by the statute, to wit, "within five days after rendition of verdict or notice of the decision," and the plaintiffs having failed within the time fixed by statute, to wit, three days after the filing of the bill of costs, to file a motion to have the same taxed by the court, the court had no jurisdiction to tax the same thereafter. Section 4912 of the Revised Statutes of Idaho provides that "a party dissatisfied with the costs claimed may, within three days after filing of the bill of costs, file a motion to have the same taxed by the court in which the judgment was rendered, or by the judge thereof at chambers." The statute does not provide for the giving of notice to the

opposite party of the filing of cost bill. In this, we think, the law is defective. Does a failure by a party dissatisfied to file his motion to tax within three days after the filing of the cost bill deprive him of all remedy against an exorbitant cost bill? We think not. The remedy given by the provision of section 4912, above cited, is not exclusive. It is not mandatory. Under the provisions of section 4229 of the Revised Statutes of Idaho, a party may at any time, not exceeding six months after the adjournment of the term, apply to the court or the judge thereof in vacation for relief from any judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect. It certainly would not be construing the statutes "with a view to effect their objects and to promote justice" (Rev. Stats., sec. 4) to hold that a party was remediless against an exorbitant cost bill, of the filing of which he had never had notice. But there is another view of this case, which is discussed at some length in the briefs of counsel, and that is: Were the items of costs disallowed by the district court properly chargeable as costs? All of the disallowed items, except that of $345, for stenographer's services, and the reduction of sixty-five dollars from the charge for printing briefs, were charges for the services of experts. It is contended by appellants that "the statute allows. costs and necessary disbursements," but I have been unable to find any such provision in our statute. In section 4912, referring to the filing of the cost bill, the language used is: "A memorandum of the items of his costs and necessary disbursements in the action or proceeding." If this is the statutory provision upon which counsel rely to support their position, we cannot agree with them. Such a construction would allow the taxing as costs of any disbursements which the party or his attorney might deem necessary. Counsel fees, clerk hire and any other expenditures necessarily made in the prosecution of the suit or proceeding, would, under such a view, be equally chargeable as costs. "In the absence of any statutory provision authorizing it, the compensation of experts, beyond the regular witness fees, is not

a necessary disbursement, and cannot be taxed as a part of the costs. It is considered as having been incurred for the parties' own benefit, and is no more a disbursement in the cause than the fees paid to an attorney." (Lawson on Expert Evidence, 270.) In *Faulkner v. Hendy,* 79 Cal. 265, 21 Pac. 754, the court says: "If the services of an expert are necessary for the proper presentation and determination of the case, he should be appointed by and act under the direction of the court. Where, as in this case, he is the employee of one of the parties, the temptation to act in the interest of such party must be apparent. Therefore, in order to secure his fair and disinterested services, he should be appointed by the court, and not by either of the parties, and, if either party sees proper to employ the services of an expert for his own benefit, the court should not require the opposite party to pay for the services so rendered." This we believe to be the correct rule. It does not appear from the record that the fees charged in the cost bill for the services of the stenographer, and disallowed by the court, were rendered by the court stenographer, or incurred under the provisions of the statute in relation thereto (Laws 1st Sess. Leg. State of Idaho, p. 234), and from the fact that they were disallowed by the court it is presumed they were not. The action of the district court is affirmed, with costs to respondent.

Sullivan, C. J., and Morgan, J., concur.