(January 21, 1908.)

## LEE YOUNG, Appellant, v. EXTENSION DITCH CO., Respondent.

[93 Pac. 772.]

COSTS OF APPEAL—FEES OF STENOGRAPHER FOR TRANSCRIBING EVIDENCE —COSTS OF MAPS ATTACHED TO TRANSCRIPT—PAYMENT OF.

1. Under the rules of this court and the provisions of sec. 5 of an act providing for the appointment of stenographic reporters of the district court, approved February 9, 1899 (Sess. Laws, p. 163), the statutory fee paid by a party to an action to the reporter for a transcript of the evidence to be used on motion for a new trial and appeal may be taxed as costs against the party finally defeated on appeal.

2. The general theory of our law and the rules of the court in regard to costs is that the losing party shall pay them; and the prevailing party, on appeal, is entitled to recover the amount paid by him to the reporter for a copy of the evidence whenever that is needed on appeal. *McDonald v. Burke*, 3 Ida. 266, cited and approved.

3. In the passage of said act, approved February 9, 1899, the legislative intent was not to amend either of the several provisions of the Revised Statutes in regard to the losing party paying the costs necessarily incurred in the proceedings in which such costs are made.

4. Only necessary costs and disbursements can be recovered. The general rule is that the party who wins on appeal is entitled to recover his necessary costs and disbursements on such appeal, although the case finally goes against him.

5. Under the provisions of Rule 6 of the rules of this court, forty pages of printed brief may be allowed and taxed as costs

on appeal, and under paragraph 3 of Rule 8, the expense of printing the transcript on appeal in civil cases must be allowed as costs.

6. Under paragraph 7 of Rule 27, maps used on the hearing and necessary to be examined on the appeal form a part of the transcript, and copies thereof must be attached thereto, and the necessary expense of making the same may be taxed as costs on the appeal.

7. Under the provisions of Rule 19, the judge may order the transmission of maps and other original papers to the supreme court for its inspection, and that method of presenting maps ought to be pursued whenever practicable and thus save costs.

(Syllabus by the court.)

APPEAL from the District Court of Canyon County. Hon. Ed. L. Bryan, Judge.

Appeal from an order taxing costs. *Affirmed.*

Stone & MacLane, for Appellant.

"The right to costs on appeal or writ of error is dependent solely on statute. In the absence of special statutory authorization, such costs cannot be allowed. . . . . The courts have no discretion in refusing or allowing costs, except such as may be expressly vested in them by statutory provisions." ("Costs," 11 Cyc. 204, 205; *Baldwin v. Boulware,* 82 Mo. App. 321; *Brown v. Winehall,* 4 Wash. 98, 29 Pac. 928; *McDonald v. Burke,* 3 Ida. 266, 35 Am. St. Rep. 276, 28 Pac. 440.)

A party cannot be said to be "finally defeated" (Sess. Laws 1899, p. 163, sec. 5) until the action is "finally determined," and the last ·clause, as applied to an action, has been held to mean "the final settlement of the rights of the parties beyond all appeal." (*Dean v. Marshall,* 35 N. Y. Supp. 724; 3 Words and Phrases, 2798; *Raft River etc. Co. v. Langford,* 6 Ida. 30, 51 Pac. 1027.)

Independent of the statute there is respectable authority in support of the proposition that stenographer's fees incurred in transcribing shorthand notes for use in preparing a statement on motion for new trial, when authorized by statute to be taxed, are taxable as costs of the trial court at the con-

clusion of the litigation, and not as costs of appeal. (*Linne v. Forrestal,* 51 Minn. 249, 53 N. W. 547, 653; *Wadleigh v. Duluth St. Ry. Co.,* 92 Minn. 415, 100 N. W. 104, 362; *Pettis v. Green River Asphalt Co.,* 71 Neb. 513, 99 N. W. 235, 101 N. W. 333.)

There is no authority for the taxation of the item of $20 paid for prints of exhibits or maps for use on appeal.

Richards & Haga, for Respondent.

While the power to impose costs must ultimately be found in some statute, the legislature may nevertheless grant the power in general terms to the courts, which in turn may make rules or orders under which costs may be taxed and imposed. (11 Cyc. 24, 25; *Tesla Elec. Co. v. Scott,* 101 Fed. 524; *Jordan v. Agawam Woolen Co.,* 13 Fed. Cas. No. 7516; *Waite v. Vinson,* 18 Mont. 410, 45 Pac. 552.)

In this state the prevailing party on appeal is entitled to his costs and disbursements, but when a new trial is ordered or a judgment modified, the costs are in the discretion of the supreme court. (Secs. 4900, 4906, 4913, 4912, Rev. Stat.)

The party awarded costs, whether by statute or order of court, is entitled to recover all his necessary disbursements and costs. (*Anderson v. Ferguson-Bach Sheep Co.,* 12 Ida. 418, 86 Pac. 41; *State v. Baird,* 13 Ida. 126, 89 Pac. 298, 301; *Sebley v. Nichols,* 32 How. Pr. 182.)

When a transcript of the testimony is required for the proper consideration of a case on appeal, the statutory fees of the stenographic reporter for furnishing such transcript are a "necessary disbursement" within the meaning of the statute, and the amount so paid may be taxed as other costs on appeal. (*Waite v. Vinson,* 18 Mont. 410, 45 Pac. 552; *Rock Springs Nat. Bank v. Luman* (Wyo.), 47 Pac. 73; *Raft River etc. Co. v. Langford,* 6 Ida. 30, 51 Pac. 1027; *McDonald* v. *Burke,* 3 Ida. 266, 35 Am. St. Rep. 276, 28 Pac. 440; *Phillips v. Corbin,* 25 Colo. 567, 56 Pac. 180; *Young v. Hughes,* 39 Or. 586, 65 Pac. 987, 66 Pac. 272; *Novotny v. Danforth,* 9 S. D. 412, 69 N. W. 585; *Ellis v. Waite,* 4 S. D.

504, 57 N. W. 232; *Palmer v. Palmer,* 97 Iowa, 454, 66 N. W. 734; *Berkey v. Thompson,* 126 Iowa, 394, 102 N. W. 134; *First Nat. Bank v. North,* 6 Dak. 136, 41 N. W. 736, 50 N. W. 621; *Sebley v. Nichols,* 32 How. Pr. 182; *Candler v. Washoe Lake etc. Co.,* 28 Nev. 422, 82 Pac. 458; *Brandon v. West,* 28 Nev. 500, 83 Pac. 328; *Montana Ore Pur. Co. v. Boston & M. etc. Co.,* 33 Mont. 400, 84 Pac. 796; *Wright v. Wilson,* 98 Ind. 112; *Turner v. Muskegon etc. Co.,* 97 Mich. 634, 57 N. W. 192; *Stevens v. New York El. R. Co.,* 9 N. Y. Supp. 707, 58 Super. 569; *Park v. Central Ry. Co.,* 68 N. Y. Supp. 460, 57 App. Div. 569, 33 Misc. Rep. 320; *Ridabock v. Met. etc. Co.,* 40 N. Y. Supp. 938, 8 App. Div. 309.)

The title of the act of 1899, concerning stenographic reporters, says nothing whatever about the taxation of costs. The act nowhere shows that the legislature intended thereby to amend the various provisions of the Revised Statutes regarding the taxation of costs, and the title of the act is clearly insufficient for such purpose. This act should be construed so as to harmonize with the Revised Statutes.

The cost of procuring prints of the exhibits attached to the transcript on the former appeal were "necessary disbursements" within the meaning of the statutes of this state, and were necessary for use upon the appeal.

SULLIVAN, J.—This action was before this court at its February term, 1907, on an appeal from the judgment and an order denying a new trial. (13 Ida. 174, 89 Pac. 296.) The judgment appealed from was for $1,750. This court reduced that judgment $750, leaving the judgment $1,000. When the *remittitur* was filed in the lower court, the respondent here, who was appellant on the first appeal, filed a memorandum of costs of appeal that included, among other items, one of $130 paid the stenographic court reporter for a transcript of the evidence used in preparing his statement on motion for a new trial and on appeal, and an item of $20 paid for prints of exhibits of maps for use on appeal. This appellant, who was respondent on the former appeal, moved to tax the costs by striking out those two items and certain others from the

cost-bill. The motion was denied as to said two items. This appeal is from the order of the court refusing to strike out those two items.

We will first consider the item of $130 paid the court reporter for the transcript of the evidence. Under the provisions of sec. 5 of an act entitled, "An act to provide for the appointment, duties and compensation of stenographic reporters of the district courts," approved February 9, 1899 (Sess. Laws 1899, p. 163), it is made the duty of such reporters to furnish, on the application of the attorney general, district attorney, or any party to a suit in which a stenographic record has been made, a typewritten copy of the record, or any part thereof, for which he shall be entitled to receive, in addition to his salary, a fee of fifteen cents per hundred words, to be paid by the party requesting the same, and to be taxed as costs in the case against the party finally defeated in the action. The act of 1899 was again amended in 1907. (Sess. Laws 1907, p. 542.)

However, the amendment of 1907 does not apply to this case.

It is most earnestly contended that although the respondent won on the former appeal and succeeded in having the judgment reduced nearly one-half, he must, nevertheless, pay the stenographer for a transcript of the evidence that was used in the preparation of the transcript on appeal, because he was finally defeated in the action. He was compelled to take the appeal to protect his rights, and succeeded in reducing the judgment $750. It was necessary for him to have a transcript of the reporter's notes in order to prepare his transcript on appeal. As he was successful in that proceeding, at least to a certain extent, he is entitled to recover his costs on such appeal, and a part of those costs was $130 paid for a transcript of the reporter's notes. We think the provision of said sec. 5 of the act referred to contemplates that the cost of the reporter's notes shall be taxed against the defeated party in the proceeding in which they are used. To illustrate: If a plaintiff procure judgment for $5,000 against a defendant, and the defendant appeals, and in order

to prepare his transcript on appeal it is necessary for him to procure a copy of the reporter's notes, and he pays therefor, and on the appeal reduces the judgment to $500, that is a final determination of that action on that appeal, and appellant is entitled to recover of the respondent the amount paid for the reporter's notes. The general theory of our law in regard to costs is that the losing party shall pay the costs, and it would be most unjust to compel the winning party on an appeal, especially where there is any considerable change in the judgment appealed from, to pay the costs of the appeal. And we do not think that the legislature intended in this class or kind of costs or fees to compel the successful party on the appeal to pay them. The determination of the appeal is a final determination of the action on appeal, and the costs made thereon are separate and distinct from costs made in the trial court.

We have not overlooked the fact that the payment of costs in certain cases is left discretionary with the judge or court. In the case of *Raft River Land & Cattle Co. v. Langford,* 6 Ida. 30, 51 Pac. 1027, the right of the prevailing party to recover the amount paid by him for a copy of the evidence from the court reporter was considered. The fees paid for the procuring of a transcript of the evidence from the court reporter to be used on motion for a new trial, in case an appeal is taken, are costs incurred on the appeal and are taxable as such.

In *McDonald v. Burke,* 3 Ida. 266, 35 Am. St. Rep. 276, 28 Pac. 440, where a question similar to the one under consideration was passed upon and the fees of the stenographer were there disallowed because the services charged for were not rendered by the court stenographer, the party employed a private stenographer and charged as fees such stenographer's compensation for work done as a private stenographer. We do not think, in the passage of said act, the legislature intended to amend the various provisions of the Revised Statutes regarding taxation of costs; if it did do so, the title of the act is clearly insufficient for that purpose. The provisions of said act in regard to the taxation of costs should

be construed harmoniously with the other provisions of the statute.

It is *only* necessary costs and disbursements that can be recovered either under the statute or rules of the court, and when a plaintiff has recovered a much larger judgment in the trial court than he is entitled to, and the defendant is required to appeal to protect his rights and wins on the appeal, he is entitled to the necessary costs incurred by him on the appeal, although the case ultimately goes against him.

It is contended by counsel that the item of $20 for the prints of maps for use on appeal should not be allowed. Under Rule 6 of the rules of this court the cost of printing, not to exceed forty pages of brief, must be allowed taxed as costs, and under paragraph 3, Rule 8, the expense of printing the transcript on appeal in civil cases and the pleadings, affidavits or other papers constituting the record in original proceedings in this court, must be allowed, as costs. Paragraph 7 of Rule 27 provides that whenever a map forms a part of the transcript, the appellant must furnish six copies thereof, one to be attached to each of the six copies of the transcript filed with the clerk. That provision was complied with in this case by furnishing blue-prints of maps and attaching them to the transcript, and it is a necessary cost on appeal, and we think should be allowed as such, it being considered a part of the printed transcript. Maps introduced in evidence on the trial need not be printed, if the parties will take advantage of the provisions of Rule 19, by getting an order from the trial judge for the transmission of such maps to the supreme court for inspection there, or by stipulation of counsel that the originals may be used on the appeal. In order to avoid costs, this procedure should be adopted whenever it is practicable. We think the court did not err in allowing the item of $20 for prints of maps.

The order taxing costs must be affirmed and it is so ordered. Costs of this appeal are awarded to the respondent.

Ailshie, C. J., and Stewart, J., concur.