(80 South. 814)

FULLER v. FAIR. (2 Div. 652.)

(Supreme Court of Alabama. Jan. 16, 1919.)

1. EJECTMENT ⚖=132 — DAMAGES — PROFITS—WASTE.

In an action for the recovery of land, or the possession thereof, in the nature of an action in ejectment, plaintiff may recover mesne profits and damages for waste and any other damages to the land as his interest entitles him to recover, to be computed to the time of the verdict, in view of Code 1907, §§ 3839, 3854.

2. EJECTMENT ⚖=132 — MEASURE OF DAMAGES—WASTE.

In statutory ejectment where damages for cutting timber were claimed, the value of the

land before and after the waste may be shown as the true measure of damage sustained by the owner.

**3. Damages ⚖108 — Measure — Taking or Total Destruction.**

If land be taken or its value totally destroyed, the owner is entitled to recover the market value thereof at the time of the taking or destruction, with legal interest thereon to the time of the trial.

**4. Damages ⚖110 — Measure — Permanent Injuries.**

If land is permanently injured but not totally destroyed, the owner may recover the difference between the market value of the land at the time immediately preceding the injury and the market value in its immediate condition after the injury with legal interest thereon to the time of the trial.

**5. Damages ⚖109 — Measure — Temporary Injuries.**

If land be temporarily but not permanently injured, the owner may recover the amount necessary to impair the injury or to put the land in the condition it was at the time immediately preceding with legal interest to the time of the trial.

**6. Adverse Possession ⚖66(1) — Agreed Boundaries—Presumptions.**

Where two proprietors of adjoining lands agreed upon a boundary line between them, thereafter their possession of such land is presumed to be adverse to each other and will ripen to title if continued for the statutory time.

**7. Adverse Possession ⚖85(2) — Evidence—Admissibility.**

In ejectment evidence as to a line fence constituting an agreed boundary between plaintiff's land and other land was admissible to show the nature of the possession.

**8. Taxation ⚖730—Tax Deed—Effect.**

Under Code 1907, § 2297, purchaser at tax sale has burden of proof of compliance with statutory requirements at sale.

Appeal from Circuit Court, Bibb County; B. M. Miller, Judge.

Ejectment by J. A. Fair against N. C. Fuller. Judgment for the plaintiff, and the defendant appeals. Reversed and remanded.

The following is charge K refused to the defendant:

I charge you that where adjoining or coterminous owners agree upon a line as the dividing line, and occupy and claim it as such, the knowledge of such claim by the other, the claim is hostile and the possession adverse, and if you are reasonably satisfied from the evidence that the line along which the three-wire fence was built by E. H. Crawford along the east boundary of lot 51 was accepted and agreed line between the land of the defendant and those through whom he claimed and the land of the plaintiff, and those through whom he claimed, for a period of ten consecutive years or longer prior to the commencement of this suit, and

that the defendant was in actual adverse possession of the land sued for at the commencement of this suit, your verdict should be for the defendant.

The witness Ellard was asked the question:

"State whether that line fence that you spoke of was treated as the line between you and the adjacent landowners for the period of time that you held this property."

Jerome T. Fuller and Lavender & Thompson, all of Centerville, for appellant.

C. D. Logan and Ellison & Dominick, all of Centerville, for appellee.

THOMAS, J. The action is statutory ejectment.

During the introduction of evidence several exceptions were reserved by defendant to adverse rulings.

[1] Over defendant's objection and exception, plaintiff was permitted to show by witness Grimes the "reasonable market value of that timber—45,000 feet—in Centerville, stumpage before cut down," referring to the timber cut by plaintiff from lot 51. In an action for the recovery of land, or the possession thereof, in the nature of an action in ejectment, the plaintiff is permitted to recover "mesne profits and damages for waste," or any other injury to the lands, as the plaintiff's interest therein entitles him to recover, to be computed to the time of the verdict. Code 1907, §§ 3839, 3854. In his note to section 3854 of the Code, Mr. Justice Mayfield pointed to the conflict between Keller v. Bullington, 101 Ala. 267, 270, 14 South. 466, where Justice Head declares that, in real actions at law to try the disputed question of title, all damages may be recovered, not only for mesne profits, but for injuries committed in the nature of trespass or waste; and Prestwood v. Watson, 111 Ala. 604, 610, 20 South. 600, where Chief Justice Brickell declares that a recovery of mesne profits, and not damages for destruction and removal of timber from the lands, may be had in an action of ejectment. To avert this conflict of authority, the foregoing sections of the Code were amended so as to permit the recovery of damages for mesne profits, for waste, or for any other injury to the land, as plaintiff's interest therein entitled him to recover. McCay v. Parks, 201 Ala. 647, 79 South. 119, 121 (8).

[2] The value of the land before and after the waste was committed should have been shown, as the true measure of the damage sustained by its owner by reason of the commission of waste. Mitchell v. Billingsley, 17 Ala. 391; Brinkmeyer v. Bethea, 139 Ala. 376, 35 South. 996; Warrior Coal & Coke Co. v. Mabel Mining Co., 112 Ala. 624, 20 South. 918; White v. Yawkey, 108 Ala. 270, 19

South. 360, 32 L. R. A. 199, 54 Am. St. Rep. 159; Davis v. Miller-Brent Lbr. Co., 151 Ala. 580, 44 South. 639; Cosdin v. Williams, 151 Ala. 592, 597, 44 South. 611; Southern Ry. Co. v. Cleveland, 169 Ala. 22, 26, 53 South. 767; Foust v. Kinney et al., 80 South. 474;[1] 4 Sutherland, Damages (4th Ed.) § 1019. See, also, Young v. Extension Ditch Co., 13 Idaho, 174, 89 Pac. 296; Boise Valley Const. Co. v. Kroeger, 17 Idaho, 384, 402, 105 Pac. 1070, 28 L. R. A. (N. S.) 968; Chicago, B. & Q. R. R. Co. v. Emmert, 53 Neb. 237, 73 N. W. 540, 68 Am. St. Rep. 602; Fremont, etc., R. R. Co. v. Harlin, 50 Neb. 698, 70 N. W. 263, 36 L. R. A. 417, 61 Am. St. Rep. 578; Rowe et al. v. Shenandoah Pulp Co., 42 W. Va. 551, 26 S. E. 320, 57 Am. St. Rep. 870.

[3-5] From the cases, a statement of the measure of damages to real estate may be said to be: (1) If the land is taken, or its value totally destroyed, the owner is entitled to recover the market value thereof at the time of the taking or destruction, with legal interest thereon to the time of the trial. (2) If the land is permanently injured, but not totally destroyed, the owner will be entitled to recover the difference between the market value of the land at the time immediately preceding the injury and the market value of the land in its immediate condition after the injury, with legal interest thereon to the time of the trial. (3) If the land is temporarily, but not permanently, injured, the owner is entitled to recover the amount necessary to repair the injury or to put the land in the condition it was at the time immediately preceding the injury, with legal interest thereon to the time of the trial. 6 Thompson Com. Law of Neg. §§ 7228, 7229; Abercrombie & Williams v. Windham, 127 Ala. 179, 28 South. 387; A. & B. A. L. Ry. v. Brown, 158 Ala. 607, 614, 48 South. 73; Warrior Coal Co. v. Mabel Min. Co., supra; Foust v. Kinney, supra; Young v. Extension Ditch Co., 13 Idaho, 174, 89 Pac. 296. There was reversible error in permitting the witness Grimes to answer that the reasonable market value of the 45,000 feet of timber in question, "in Centerville, stumpage before cut down," was $2 per thousand.

Since the case will be retried, we may say that the subject of a dedication of public highways, of the adoption of maps or plats of urban properties, was recently discussed in City of Mobile v. Chapman, ante, p. 194, 79 South. 566; City of Birmingham v. Graham, ante, p. 202, 79 South. 574, 576; Thrasher, Adm'r, v. Burr et al., ante, p. 307, 80 South. 372. On another trial plaintiff will lay the required predicate for the introduction in evidence of the plat in question.

[6, 7] It was competent to show that a predecessor in title of the "Collier place," and through whom appellant claims title, treated and held possession to the "line fence" referred to when he was the owner and in possession of the "Collier place," and that the then adjacent owner in possession of the "Smith place" treated and held possession to said line fence as the dividing line between their said properties or places. Where two proprietors of adjoining lands agree upon a dividing line between them, thereafter their possession to such line is presumed to be adverse to each other, and will ripen into title if continued for the length of time prescribed by the statute. Alexander v. Wheeler, 69 Ala. 332, 340. The evidence sought to be introduced was competent and relevant as tending to show that such "line fence" was agreed upon as the boundary between the adjoining properties of which they were then in possession—of the "Collier" and "Smith" places. Smith v. Bachus, 195 Ala. 8, 70 South. 261; Gibson v. Gaines, 73 South. 929.[2] Of such declarations we may observe, they are admissible, not to show the quantum of estate, but to explain the nature of the possession of such coterminous landowners. Defendant's refused charge K should have been given. For like reason, there was error in refusing to allow W. C. Fuller to testify that he knew Mr. Collier and Mr. Smith each treated the designated fence as the dividing line between their respective properties. So, also, the witness Ellard should have been permitted to answer the questions sought to be propounded to him.

[8] The effect of a tax deed and the recitals therein contained, under section 4075 of the Code of 1896, was not that now contained in section 2297 of the Code of 1907. Gunter v. Townsend, ante, p. 160, 79 South. 644, 650.

There are other assignments of error which we have not seen fit to discuss, believing the foregoing will be sufficient for the purposes of another trial.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.

[1] Ante, p. 392.

[2] 198 Ala. 583.