## PRODUCERS' SUPPLY CO. v. MAPLE LEAF OIL CO.

No. 10132—Opinion Filed May 31, 1921.

· (Syllabus.)

**1. Landlord and Tenant—Injuries to Leasehold—Measure of Damages.**

The measure of damages for injury to a leasehold estate is the difference in the market value immediately before and after the injury, subject to the qualifications' that if such property as may be destroyed or removed although it is a part of the realty, has a value without reference to the soil on which it stands or out of which it grows, a recovery may be for the value of the thing destroyed or removed, and not for the difference in the value of the land or leasehold before and after such destruction or injury.

**2. Same—Action for Damages by Oil Lessee —Evidence.**

In an action to recover damages to a leasehold estate held under an oil and gas lease for injuries alleged to have been committed on the 11th day of November, 1915, wherein the trial court over objections permitted the introduction of testimony as to the value of the lease several months prior to the date of the alleged injury, held, that the same constitutes reversible error.

Error from District Court, Tulsa County; N. E. McNeill, Judge.

Action by the Maple Leaf Oil Company against the Producers' Supply Company for damages for injury to leasehold estate. Judgment in favor of plaintiff, and defendant brings error. Reversed and remanded, with directions to grant a new trial.

Bell & Fellows, for plaintiff in error.

C. R. Thurlwell, for defendant in error.

KENNAMER, J.   The Maple Leaf Oil Company, defendant in error, commenced this

action in the district court of Tulsa county to recover from the Producers' Supply Company, plaintiff in error, $7,000 damages. The parties herein will be referred to as they appeared in the court below. The plaintiff, for cause of action, in substance alleged that it was the owner of a thirty-two and one-half (32½) acre lease in Creek county, Oklahoma, equipped for producing oil and gas; that on or about the 11th day of November, 1915, the defendant, without any right or authority, entered in and upon said land, broke and destroyed the power and removed property therefrom, the amount of the property removed being unknown to the plaintiff; that the value of the lease on November 11, 1915, was the sum of $7,000, and that the value of the lease after the acts complained of was the sum of $3,500. The defendant denied in general the allegations of the petition, alleging that it secured title to the personal property on said lease by a purchase at a sheriff's sale for taxes, but that when it endeavored to take possession of the property it was enjoined by the plaintiff. Upon the issues joined a trial was had to a jury, which resulted in a verdict of $1,500 for the plaintiff. The court, in accordance with the verdict of the jury, entered judgment for the plaintiff for the sum of $1,500. To reverse this judgment, the defendant has appealed to this court, presenting three assignments of error:

First. The court erred in overruling the motion of the defendant for a new trial.

Second. The court erred in overruling the demurrer of the defendant to the evidence of the plaintiff.

Third. The court erred in admitting evidence of the plaintiff over the objections of the defendant.

We have carefully examined the pleadings in this cause and the entire record, and we are of the opinion that the third assignment of error should be sustained. The trial court, over the objection of the defendant, permitted the plaintiff to introduce testimony as to the value of the lease alleged to have been injured several months prior to the date on which it is alleged that the defendant entered upon the premises and injured the property. The plaintiff in his petition alleged that the lease was worth $7,000 on the 11th day of November, 1915, the date on which the defendant was charged with having entered upon the premises and commenced to destroy and remove the equipment used in operating the lease; that by reason of the wrongful acts of the defendant the value of

the lease was depreciated $3,500. It is apparent upon the issues joined that the court should have confined the introduction of the plaintiff's testimony as to the value of the lease to a date immediately prior to the time of the entry or to the date of the entry of the defendant upon the lease.

In the case of De Arman v. Oglesby, 49 Okla. 118, 152 Pac. 356, this court held:

"In a suit for damages for the destruction of a growing crop such damages are to be estimated as of the time of the injury, and the measure to be applied is compensation for the value of the crops in the condition in which they were at the time of their destruction."

It is apparent in the case at bar that the plaintiff should have been required to confine his testimony as to the value of the lease to the date on which the defendant is alleged to have made an unlawful entry upon said premises or immediately prior to the alleged date of the entry, for the reason that property of this character has a fluctuating value; it may be valuable property one day and practically worthless the next day. The reason for invoking the rule in this case is that the plaintiff did not bring this action for the loss of personal property, but elected to recover on account of injury to the leasehold estate.

This court, in the case of Armstrong et al. v. May, 55 Okla. 539, 155 Pac. 238, held:

"The true measure of damages for injuries to real estate is the difference in the market value of the real estate just before and just after the injuries complained of; but this rule, however, is subject to the exception that if that destroyed, although it is a part of the realty, has a value without reference to the soil on which it stands, or out of which it grows, a recovery may be of the value of the thing destroyed, and not for the difference in the value of the land before and after such destruction."

The same rule will be found in the following authorities: Young v. Extension Ditch Co. (Idaho) 89 Pac. 296; Boise Valley Const. Co. v. Kroeger (Idaho) 105 Pac. 1070; 8 R. C. L., sec. 44, page 482.

The introduction of testimony as to the value of the lease several months prior and subsequent to the alleged trespass of the defendant constitutes reversible error, and this cause must be reversed and remanded for a new trial. It is so ordered.

HARRISON, C. J., and JOHNSON, MILLER, and ELTING, JJ., concur.