## PRODUCERS SUPPLY CO. v. MAPLE LEAF OIL CO.

No. 13864—Opinion Filed Oct. 14, 1924.

**1. Appeal and Error—Law of Case.**

A prior adjudication by this court makes the law of the case.

**2. Same—Damages to Leasehold—Evidence.**

This court held in a prior appeal in this case in a decision reported in 82 Okla. 120, 198 Pac. 577, that the measure of damages for a trespass to a leasehold estate is the diminution of value caused by the injury, and that the testimony in such case must relate to the value of the lease immediately prior to the date of the trespass, and immediately thereafter, and that the introduction of testimony as to the value of the lease several months prior to the date of the alleged injury is reversible error. This holding made the law of the case for the second trial.

**3. Same—Judgment Sustained.**

Testimony as to the market value of oil and gas lease held admissible and sufficient to sustain recovery in trespass.

Record examined, and held, that the record in second trial discloses evidence properly admissible under the law of the case as announced by the prior decision. Held, further, that the evidence is sufficient to sustain the judgment of the lower court, based on the verdict of the jury after the order of the lower court as to a remittitur has been complied with. Held, further, no

reversible error in record.

(Syllabus by Lyons, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Tulsa County; Edward Dewes Oldfield, Assigned Judge.

Action by Maple Leaf Oil Company against Producers Supply Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Samuel H. Crossland, Jr., for plaintiff in error.

Franklin H. Griggs and C. R. Thurlwell, for defendant in error.

Opinion by LYONS, C. This case was before this court and was reversed by opinion of the court reported in 82 Okla. 120, 198 Pac. 577. In the decision the court held:

"In an action to recover damages to a leasehold estate held under an oil and gas lease for injuries alleged to have been committed on the 11th day of November, 1915, wherein the trial court over objections permitted the introduction of testimony as to the value of the lease several months prior to the date of the alleged injury, held, that the same constitutes reversible error."

Upon a new trial of the case a verdict was rendered for the defendant in error in the sum of $2,000. A remittitur of $500 was ordered by the trial court, motion for new trial was overruled, and a judgment rendered for $1,500, the amount of the verdict rendered at the prior trial.

This proceeding is to reverse said judgment in the sum of $1,500. The contentions of the appellants may be summarized as follows:

(1) That the record contains the same error for which the cause was heretofore reversed.

(2) That there is no evidence in the record to sustain the verdict.

(3) That the court erred in refusing to instruct the jury that nominal damages only could be recovered.

With reference to the first error alleged, it appears that the trespass involved here consisted in the wrongful entry upon a leasehold estate for oil and gas, and in part at least, dismanteling said leasehold of equipment, and further removing essential equipment from producing wells which were at the time shut down. Witnesses testified as to the value of the leasehold estate immediately before the trespass, taking into consideration that the lease had been theretofore producing oil in paying quantities, and taking into consideration further that

the lease had not been operated for a period of 11 months.

We think that this was not error, but that this testimony was properly admitted. The admission of such testimony plainly did not violate the rule announced in the prior decision.

As to the second error alleged, to the effect that there is no evidence in the record to sustain the verdict, we are unable to agree with appellant's contention. Complaint is made that the witnesses who testified as to the market value of this property at the time of the trespass took into consideration the fact that the lease had produced oil 11 months prior to the time of the trespass, at which time the operations were shut down.

It is our view, however, that the condition of the lease at the time it had been last operated was a circumstance which might properly be taken into consideration with all of the other facts and circumstances, including the fact that the lease had not been operated for 11 months, and that upon all of such facts and circumstances properly qualified witnesses might express an opinion as to the market value at the time of the trespass.

The correctness of the witnesses' conclusions could of course be tested by cross-examination, and rebutted by adverse testimony. The evidence, however, was admissible, and is sufficient to sustain a recovery. It is known that a producing oil property, properly equipped, has a market value, although the same has been shut down, or has not been operated for some months. The question as to such market value was a proper subject for the opinion of witnesses who understood such matters.

We therefore find that appellant's second contention cannot be sustained.

The third contention of the appellant is based on the refusal of the court to instruct the jury that only nominal damages could be had, and that no substantial damages could be recovered under the facts in the cause. This was based on the theory that the measure of damages in this case could be only the value of the equipment wrongfully removed from the leasehold.

It is sufficient to answer this contention to quote from the opinion of Mr. Justice Kennamer in the prior decision of this court in this cause:

"It is apparent in the case at bar that the plaintiff should have been required to confine his testimony as to the value of the

lease to the date on which the defendant is alleged to have made an unlawful entry upon said premises or immediately prior to the alleged date of the entry, for the reason that property of this character has a fluctuating value; it may be valuable property one day and practically worthless the next day. The reason for invoking the rule in this case is that the plaintiff did not bring this action for the loss of personal property, but elected to recover on account of injury to the leasehold estate.

"This court in the case of Armstrong v. May, 55 Okla. 539, 155 Pac. 238, held: 'The true measure of damages for injury to real estate is the difference of the market value of the real estate just before and just after the injuries complained of; but this rule, however, is subject to the exception that if that destroyed, although it is a part of the realty, has a value without reference to the soil in which it stands, or out of which it grows, a recovery may be of the value of the thing destroyed, and not for the difference in the value of the land before and after such destruction.' The same rule will be found in the following authorities: Young v. Extension Ditch Co. (Idaho) 89 Pac. 296; Boise Valley Const. Co. v. Kroeger (Idaho) 105 Pac. 1070, 8 R. C. L. sec. 44, page 482."

"The introduction of testimony as to the value of the lease several months prior and subsequent to the alleged trespass of the defendant constitutes reversible error, and this cause must be reversed and remanded for a new trial. It is so ordered. Harrison, C. J., Johnson, Elting and Miller, JJ., concur."

We think, therefore, that under the testimony in this cause as the record now stands, the plaintiff in the court below has met the objection set forth in the decision of this court, and that the judgment of the lower court must be approved.

We are not unmindful, in reaching this result, of the fact that this controversy has been presented twice to the district court with a jury, and that the result of each of the trials in the lower court, has been a judgment in the sum of $1,500.

An examination of the record discloses no substantial error and does not disclose that the amount of the judgment is in excess of the amount of reasonable compensation for the injuries committed.

The judgment of the lower court should be affirmed.

By the Court: It is so ordered.