Argued September 3, decided September 9, 1913.

# SMITH *v.* HUGHEY.*

(134 Pac. 781.)

**Landlord and Tenant—Failure to Deliver Possession—Measure of Damages.**

1. Where a lessee had paid no rent and had gone to no expense in preparing to occupy the leased premises, the measure of damages for the lessor's failure to deliver possession was the actual rental value of the premises in the market, less the agreed rent, and the probable profits from the operation of the premises were not recoverable.

**Landlord and Tenant—Failure to Deliver Possession—Evidence.**

2. In a lessee's action against the lessor for damages caused by the lessor's inability to deliver possession, evidence as to the quality of the land, its acreage, product and capabilities, was admissible as bearing upon its probable rental value, but evidence as to what the lessee or anyone else could have made thereon was inadmissible as a basis for substantive damages.

**Landlord and Tenant—Failure to Deliver Possession—Damages—Evidence to Reduce.**

3. In a lessee's action against the lessor for failure to deliver possession, owing to the existence of another lease which the lessor be-

———

*As to the implied duty of a lessor to put lessee in possession of leased premises, see notes in 9 L. R. A. (N. S.) 1127 and 21 L. R. A. (N. S.) 239.                    REPORTER.

lieved had expired, evidence that the lessee was notified of the mistake in time to have enabled him to secure a similar farm and thereby protect himself from loss was improperly excluded.

From Tillamook: WILLIAM GALLOWAY, Judge.

Department 2.    Statement by MR. CHIEF JUSTICE McBRIDE.

This is an action by Hiram W. Smith against James Hughey and Wesley Rush, administrator of the estate of Mary Hughey, deceased.    The facts appear to be as follows:

James and Mary Hughey, since deceased, were the owners of a farm in Tillamook County, which they leased to Smith for a period of 12 years.    The lease was executed in June, 1911, and possession was to be given on the 1st day of April, 1912.    The purpose of the lease was for a dairy farm, and the lessee was prohibited from subletting the premises.    The farm was, at the time of the lease to Smith, already under lease to another party, which lease did not expire until 1913.    Hughey and wife had mistaken the date of the prior lease, supposing it would expire on April 1, 1912; and, when the time arrived for Smith to occupy it under his lease, they were unable to put him in possession during the year 1912.    Smith brought this action for failure of defendants to so put him in possession, claiming that the value of the use and occupation of the land was $5,000.

Defendants answered, admitting the failure to put plaintiff in possession and setting up the fact that such failure arose by reason of the mistake before mentioned, and alleged that plaintiff, long before the 1st day of April, 1912, had notice of the mistake and of defendant's inability to put him in possession, and that said notice was given in ample time for plaintiff to have protected himself against loss by such failure.

There was a reply denying the new matter in defendant's answer. The court over defendants' objection, admitted opinion testimony of expert farmers and dairymen as to what the value of the use and occupation of the land would be to a dairyman over and above the rent reserved, and, over defendants' further objection, gave the following instructions: "You are instructed that the measure of damages is what is the reasonable value of the use of the leased premises for one year from the 1st day of April, 1912, until the 1st day of April, 1913, less the rental for said year of $600. * * The reasonable value of the use of the premises is what the plaintiff could have reasonably made off of the place as a dairy farm; that is, put to the use of such a farm and not what someone else has or may have made." The plaintiff had a verdict for $500, and defendants appeal.          REVERSED.

For appellants there was a brief over the names of *Mr. Ralph R. Duniway* and *Mr. C. W. Talmage,* with an oral argument by *Mr. Duniway.*

For respondent there was a brief over the names of *Mr. T. B. Handley* and *Mr. Webster Holmes,* with an oral argument by *Mr. Handley.*

Opinion by MR. CHIEF JUSTICE McBRIDE.

1, 2. There is no allegation of special damage and no allegation that plaintiff had incurred any expense in preparing to occupy the place, nor that he had any particular number of cows to put upon it. The only testimony on that subject is that the place would sustain a dairy herd of 50 cows, and that the value of the use under such circumstances would be somewhere between $4,000 and $5,000. The plaintiff had paid no rent and, so far as the testimony indicates, had gone to

no expense in the matter of preparing to occupy the place. The value of the use and occupation of the land was its actual rental value in the market, and the amount of plaintiff's recovery would be that rental value, less the $600 which he had agreed to pay: *Alexander* v. *Bishop,* 59 Iowa, 572 (13 N. W. 714); *Kenny* v. *Collier,* 79 Ga. 743 (8 S. E. 58); *Huiest* v. *Marx,* 67 Mo. App. 418; *Cannon* v. *Wilbur,* 30 Neb. 777 (47 N. W. 85); *Smith* v. *Phillips,* 16 Ky. Law Rep. 615 (29 S. W. 358). The probable profits of a business not in actual operation depend so much upon the capacity of the party proposing to engage in it to conduct it successfully, and upon so great a variety of circumstances which make for success or failure, that evidence of that character is usually rejected as too speculative and remote. The plaintiff had leased the land for dairy purposes. By the act or mistake of defendants he had been prevented from using it for such purposes. The inquiry should have been confined to the rental value of the land for that purpose—what rent it would command in the market from persons seeking a farm for that purpose. Evidence showing the quality of the land, its acreage, product and capabilities as a dairy farm, would be admissible as bearing upon its probable rental value and should have been confined to that purpose; but evidence as to what plaintiff or anyone else could have made upon it, as a basis for substantive damages, was inadmissible, and the instruction given that the measure of damages was what the plaintiff could reasonably have made off the place as a dairy farm was erroneous.

3. Defendants also offered evidence tending to show that plaintiff was notified of the mistake in defendants' title in time to have enabled him to secure a similar farm and thereby protect himself from loss, which offer was rejected. In cases of this kind, testimony

that the injured party could have, by reasonable effort, minimized his loss is admissible: *Hahn* v. *Mackay*, 63 Or. 100 (126 Pac. 12, 991).

The judgment is reversed and the case remanded to the Circuit Court with direction to retry it.

MR. JUSTICE BEAN, MR. JUSTICE EAKIN and MR. JUSTICE McNARY concur.