## DE ARMAN v. OGLESBY et al.

No. 4786.   Opinion Filed October 12, 1915.

(152 Pac. 356.)

1. **LANDLORD AND TENANT—Interference With Possession—Action for Damages—Sufficiency of Evidence.** Evidence examined, and **held**, to reasonably sustain the cause of action of the plaintiff, as stated in his petition.

2. **DAMAGES—Destruction of Growing Crops—Measure of Damages.** In a suit for damages for the destruction of a growing crop, such damages are to be estimated as of the time of the injury, and the measure to be applied is compensation for the value of the crops in the condition in which they were at the time of their destruction.

3. **SAME—Evidence.** In arriving at the value of a growing crop, it is proper to show by evidence the probable yield under proper cultivation, and the value of such probable yield when matured, gathered, prepared and ready for sale; also the probable cost of proper cultivation necessary to mature the crop, as well as the cost of its gathering, preparation, and transportation to market. The difference between such probable value in the market and cost of finishing the cultivation and gathering, preparing, and transporting to market will ordinarily represent the value at the time of loss with as much certainty as any other method.

4. **LANDLORD AND TENANT—Tenant Wrongfully Dispossessed—Measure of Damages.** The true measure of damages, where a lessee of agricultural lands is wrongfully dispossessed and thereby hindered from cultivating the land, is the rental value of the land, plus the labor of breaking it or otherwise preparing it for the reception of the crop.

(Syllabus by the Court.)

*Error from District Court, Greer County;*

*G. A. Brown, Judge.*

Action by W. H. Oglesby against Mrs. Bama De Arman, administratrix of the estate of E. J. De Arman, deceased, and others. From the judgment for plaintiff, the defendant named brings error. Reversed and remanded, with directions to grant new trial.

*Ledbetter, Stuart & Bell,* for plaintiff in error.

*S. B. Garrett* and *Carpenter & Mills,* for W. H. Oglesby, defendant in error.

KANE. C. J. This was an action sounding in tort, commenced by the defendant in error, W. H. Oglesby, plaintiff below, against the plaintiff in error and his co-defendants in error, defendants below, for the purpose of recovering damages for having been wrongfully deprived of the use of crops of certain tracts of agricultural land, situated in Greer county, Okla. The plaintiff was the lessee of the defendants in error herein, and he alleges that they wrongfully dispossessed him of certain portions

of said leased lands and turned them over to the other parties to this proceeding to be used for townsite purposes.    The defense of the lessors to the merits of the cause was that, by the terms of an oral contract between the lessors and lessee, the lessee agreed to turn over to the town-site promoters the part of the land out of which this controversy grows, the lessors agreeing to, pay him, the lessee, such detriment as he suffered by such transfer, which agreement was fully executed.    Upon trial to a jury there was a verdict for the plaintiff in the sum of $1,092.32, upon which judgment was duly entered, to reverse which this proceeding in error was commenced.

Whilst the petition in error of the plaintiff in error contains many assignments of error, it is apparent from her brief that the two upon which she seriously relies for a reversal may be stated briefly as follows:

(1) There is a material variance in the allegations of the petition of the plaintiff and the proof adduced upon the trial, in that the plaintiff relied solely upon a contract between himself and the lessors to compensate him for any damages that might be sustained by reason of turning over certain lands embraced in the lease to the town-site commission, and the evidence tended to support this theory, but wholly failed to support the theory upon which the action was commenced, to wit, that the conduct of the lessors was tortious; (2) the court erred in instructing the jury that in estimating the damages of the defendant in error they should take into consideration the value of the unplanted crops, which would have been grown on the land in controversy, had not the same been taken from him.

On the first proposition we are of the opinion that the evidence adduced at the trial reasonably tends to support the allegations of the petition, to the effect that the taking of the leased premises was tortious. The plaintiff himself testified that the land was taken without his consent; he admits that there were a good many conferences between himself and the agent of the lessors with a view of amicably adjusting the differences created by the townsite deal; that he was willing to enter into such an arrangement, but that the parties were never able to get together upon any definite plan of settlement; that in the meantime the land was taken without his consent and the lessors have failed to pay him any of the consequent damages or make any settlement with him, except by the payment of $160, which sum it was admitted only partially compensated the plaintiff for the injury sustained. This, we think, reasonably tends to sustain the theory of the plaintiff.

The second ground for reversal must be sustained. The record shows that the plaintiff leased the land for the purpose of raising cotton, wheat, oats, and other small grain; that he had sowed 14 acres of wheat, which was up and looking well at the time he was dispossessed; that he had plowed part of the remaining land for the reception of spring crops, but had not sowed or planted anything except the wheat. For the purpose of establishing the amount of his recovery the plaintiff introduced evidence to show the value of the growing crop and the condition in which it was found at the time of the taking. Evidence was also introduced tending to show probable yield when matured, gathered, prepared, and ready for sale, and the probable cost of the proper cultivation neces-

sary to mature the crop, as well as the cost of gathering, preparing and transporting to market, etc. Evidence of similar import was also introduced over the objection of the defendant for the purpose of establishing the value of the other crops which plaintiff would have planted or sown if he had not been dispossessed. The court instructed the jury upon the measure of damages as follows:

"(9) If you find for the plaintiff any damages, in estimating the same you will take into consideration the value of the growing crop on said lands taken from him, and of the crops, if any, which would have been grown on said land had it not been taken from him by the defendants, such value being estimated by you at the cash market value thereof in the nearest market at the time of harvesting the same, and deduct from such cash market value the reasonable and probable cost of raising said crops, and of harvesting and marketing the same, and also deduct therefrom the value of the portions of such crops which plaintiff would be owing as rents on said land, and if, after deducting from the value of said crops the reasonable and probable cost of raising, harvesting, and marketing the same, and the rents on said land, as above stated, and after deducting the further sum of $150 already received by plaintiff, there remains any excess or sums not to exceed to $1,840, the amount sued for, then the plaintiff will be entitled to recover the amount thereof, and you will so find for him; if, however, there is no excess, it will be your duty to find for the defendants."

The part of this instruction pertaining to the growing crop is correct. *C., R. I. & P. Ry. Co. v. Johnson,* 25 Okla. 760, 107 Pac. 662, 27 L. R. A. (N. S.) 879; *M., O. & G. Ry. Co. v. Brown,* 41 Okla. 70, 136 Pac. 1117, 50 L. R. A. (N. S.) 1124; *Colorado Con. Land & Water Co. v. Hartman,* 5 Colo. App. 150, 38 Pac. 62; *Seely v. Alden,* 61 Pac. 302, 100 Am. Dec. 642.

These cases support the rule that in a suit for damages for the destruction of a growing crop, such damages are to be ascertained as of the time of the injury, and the measure to be applied is compensation for the value of the crops in the condition in which they were found at the time of their destruction. And in arriving at their value it is proper to show the probable yield under proper cultivation and the value of such probable yield when matured, gathered, and prepared for sale, and the probable cost of proper cultivation to mature the crop, as well as the cost of gathering, preparation, and transportation to market.

However, we find no support in the authorities for the application of the foregoing rule to unsowed or unplanted crops which might have been raised except for the wrongful taking. Damages based on such an hypothesis are highly speculative, and speculative profits supposed to have been lost have been universally discarded by the courts as a proper measure for damages. The true measure of damages, we think, where a lessee of agricultural lands is wrongfully dispossessed and thereby hindered from cultivating the land, is the rental value of the land, plus the labor of breaking it or otherwise preparing it for the reception of the crop. 1 Sedgwick on Damages, sec. 184; *McKnight v. Ratcliff*, 44 Pa. 169; *Kankakee & S. R. Co. v. Horan*, 17 Ill. App. 650; *St. L., I. M. & S. Ry. Co. v. Saunders*, 85 Ark. 111, 107 S. W. 194; *B. & O. S. W. R. Co. v. Stewart*, 128 Ill. App. 270.

For the reasons stated, the judgment of the court below is reversed and the cause remanded, with directions to grant a new **trial.**

All the Justices concur.