# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY

## ON APPEAL FROM THE COURT OF CHANCERY, AND THE PREROGATIVE COURT.

NOVEMBER TERM, 1921.

S. M. BRAUNSTEIN, INC.,

*v.*

McGRORY STORES CORPORATION.

[Decided March 6th, 1922.]

1. Unless a lease contains a provision restraining the lessee from underletting the demised premises or assigning the lease, the lessee is entitled to do either at his own pleasure, notwithstanding the landlord's objection.

2. Under a provision in a lease that "this agreement of lease shall bind and apply to the heirs * * * and assigns of the respective parties," an assignee of a lease is empowered to make any alterations or improvements that the lessee was authorized to make.

On appeal from a decree in chancery.

419

*Mr. Clarence L. Cole,* for the appellant.

*Messrs. Bourgeois & Coulomb,* for the respondent.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

On November 1st, 1915, one Samuel Braunstein, who was the owner of a certain store and premises in Atlantic City, leased the same to the Braunstein-Blatt Company for a period of twenty years. The lessee entered into possession at the beginning of the term, and conducted on the premises a general department store until 1921, when it assigned the lease to the defendant and surrendered possession to the latter. The defendant operates a "chain" of five and ten-cent stores in this and other states, and after it entered into possession of the leased premises it began making alterations therein for the purpose of rendering them suitable for the carrying on of that business therein. Prior to the assignment of this lease to the defendant the present complainant purchased the leased premises from Braunstein, and, having learned that the lease had been assigned and that the defendant purposed making material alterations to the store, notified the defendant that the assignment of the lease was invalid; and, further, that it would not permit the intended alterations to be made. Being informed by the defendant that it proposed to carry out its plans, in disregard of the notice given it, the complainant filed its bill seeking to enjoin such action. After hearing the case on bill and answering affidavits, the learned vice-chancellor, to whom the matter had been referred, refused to allow a preliminary injunction, and from the order of disallowance the present appeal has been taken.

The first contention before us is that the attempted assignment of the lease by the Braunstein-Blatt Company to the defendant was invalid, for the reason that no such power had been conferred by the lease itself. But this contention, we think, is without merit, and for two reasons: In the first place, the rule is entirely settled in this state that, unless a lease contains a provision restraining the lessee from underletting the demised prem-

ises, or assigning the lease, the lessee is entitled to do the one or the other at his own pleasure, notwithstanding the objection of the landlord. *Field* v. *Mills, 83 N. J. Law 254; Farmer* v. *Davies,* decided at the present term. An examination of the lease involved in the present case discloses that it contains no restriction against the lessee's right to assign. In the second place, it is to be noted that it is made apparent by the tenth item of the lease that both parties contemplated the probability of an assignment thereof during the running of the term and by implication provided for the making of it. That item reads as follows:

"It is agreed between the parties hereto that this agreement of lease shall bind and apply to the heirs, executors. administrators, successors and *assigns of the respective parties thereto.*"

It is next argued that, even if the power to assign the lease be conceded, the assignee was without legal right to make material alterations in the demised premises. In considering this point, the provision just cited should be borne in mind; that is (in legal effect), that the various provisions of the lease should apply not only to the parties thereto, but also to their respective assigns. The question, therefore, is whether there is anything in the body of the lease which authorizes the lessee to make changes of the character contemplated by the present defendant, for, if there is, then, as we have already indicated, it inures to the benefit of the assignee. The question is answered by a reference to the seventh item of the lease, which declares:

"That the said party of the second part" (the lessee) "may make all such alterations or improvements as it may find necessary and beneficial to it in the operation of its said business conducted in the said premises; provided, however, that if any of the appurtenances hereby demised be removed, they shall be replaced at the expiration of this lease."

It is not seriously contended that the proposed changes will destroy the protection afforded by the proviso, nor is it suggested that the contemplated alterations are not reasonably necessary to the defendant in the operation of its business to be conducted in the leased property, or will make it impossible to restore the premises to their original condition at the termination of the lease.

The lessee being entitled to the benefit of the proviso contained in the seventh item of the lease, and the proposed alterations not being in violation of the proviso inserted therein for the protection of the lessor, we conclude that the order appealed from should be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, VAN BUSKIRK—13.

*For reversal*—None.