## MOUNTS v. REED STORES CO.

No. 13161—Opinion Filed April 14, 1925.

Rehearing Denied Feb. 2, 1926.

### Landlord and Tenant — Failure to Deliver Possession to Tenant—Measure of Damages.

The proper measure of damages recoverable by the tenant, on failure of the landlord to deliver possession of the leased premises, is the difference, if any, between the rental agreed upon and the actual rental value of the property, together with any special damages, incurred in good faith and necessarily expended by the tenant in preparing to occupy the leased premises.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Tillman County; A. S. Wells, Assigned Judge.

Action by the Reed Stores Company against Kate L. Mounts. Judgment for plaintiff, and defendant appeals. Affirmed.

P. Mounts, W. H. Hussey, and Herman S. Davis, for plaintiff in error.

J. O. Counts, for defendant in error.

Opinion by JONES, C. This action was instituted in the district court of Tillman county by plaintiff, defendant in error, against the defendant, who is plaintiff in error, to recover certain damages alleged to have been sustained by the plaintiff on account of the breach of a contract to lease a building located in Frederick, Okla., the property of the appellant. Upon the trial of the case to a jury, judgment was rendered in favor of the plaintiff for the sum of $1,074.43, motion for a new trial was filed and overruled, and judgment rendered by the court in accordance with the verdict of the jury, from which order and judgment this appeal is prosecuted. Numerous specifications of error are assigned, but appellant admits that the only and real question involved in the case is the measure of damages that should be applied, and all of the propositions urged in appellant's brief go to this question, and the exceptions taken to the instructions given raise the same question.

The instructions given were rather general in their nature, but it seems to be conceded that the court was following the measure of damages as set forth in section 2852, Rev. Laws 1910 (5976, Comp. Stat. 1921), which is as follows:

"For the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this chapter, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom. No damages can be recovered for a breach of contract, which are not clearly ascertainable in both their nature and origin."

And the appellant contends that the measure of damages as set forth and authorized under the above section is not applicable to the instant case, but that section 2858, Rev. Laws 1910 (5982, Comp. Stat. 1921), sets forth the measure of damages that should govern in cases of this character. Section 2858 is as follows:

"The detriment caused by the breach of an agreement to convey an estate in real property, is deemed to be the price paid and the expenses properly incurred in examining the title and preparing the necessary papers, with interest thereon; but adding thereto, in case of bad faith, the difference between the price agreed to be paid, and the value of the estate agreed to be conveyed, at the time of the breach, and the expenses properly incurred in preparing to enter upon the land."

We are inclined, however, to the opinion that the court's instructions fairly present the law of the case, and that the measure of damages provided for in section 2852 is more nearly applicable to this class of cases than the measure of damages provided for in section 2858. It will be noted that section 2858 provides that the detriment caused by the breach of an agreement to convey an estate in real property is deemed to be the price paid, and the expenses properly incurred in examining the title, etc. This to our minds indicates a conveyance of real estate by deed, for the reason that it is not the custom to require abstracts of title, and an examination of same when taking a lease or rental contract, and the contract involved in this case was a lease contract for a store building for one year, with an option to renew or continue the same in full force and effect from year to year for a period of five years. To apply the measure of damages as provided by section 5982 would deprive the tenant of any substantial remedy.

The facts, as disclosed by the record, in this case are that the appellant, Kate L. Mounts, failed and refused to deliver the store building to the appellee as provided for under the terms of the written contract for the reason that her tenant who was then occupying the building refused to give possession. Suit was instituted in the justice court, and was appealed to the district

court, but the defendant, the tenant in possession, seems to have prevailed and established to the satisfaction of the court that he had a five year option on the building, hence the appellant was not in a position at any time to carry out the terms of the agreement entered into with the appellee in this case.

The court instructed the jury that in this case the measure of damages was the amount which would compensate the plaintiff for all proper expenses incurred in preparing to enter the building at the time stated in the contract, and also instructed the jury that if the plaintiff in good faith incurred expenses while endeavoring to carry out his part of the contract by way of freight and storage preparatory to entering the premises, and that the defendant was at fault in breaching the contract, that such expenses would be a proper element of damages. The court also instructed the jury that if the rental value of the building exceeded the amount which plaintiff agreed to pay for the first year that plaintiff would be entitled to recover as damages the difference between the amount of rental agreed upon and the value of the property for rental purposes as shown by the evidence, and in support of the theory upon which the court submitted the case to the jury and the instructions given the appellee cites the the case of Smith v. Hughey et al., 66 Ore. 408, 134 Pac. 781, wherein the Supreme Court of Oregon announces the following rule:

"Where a lessee has paid no rent and has gone to no expense in preparing to occupy the leased premises, the measure of damages for the lessor's failure to deliver possession is the actual rental value of the premises in the market, less the agreed rent, and the probable profits from the operation of the premises are not recoverable"

—wherein the court held in the absence of any other damages by reason of expenses incurred that the market value of the premises for rental purpose, less the agreed rent, was the correct measure of damages. And in the case of Neal v. Jefferson, 212 Mass. 517, 99 N. E. 334, Ann. Cas. 1913 D, page 205, the Supreme Court of Massachusetts announces the same rule:

"As a general deduction from the authorities it may be stated that for the failure of a landlord to deliver possession of the leased premises the tenant may recover the difference between the rent reserved and the actual rental value of the property. 'special damages' arising directly from the

breach being generally allowable in addition thereto and 'loss of profits' being usually excluded," etc.,

—which, in substance, is the rule followed by the court in the instant case. Plaintiff asked for damages for loss of profits by reason of his failure to operate his business, but on motion the court struck this paragraph of the petition, and that phase of it was not submitted to the jury.

And in the case of Cleveland R. Co. v. Joyce, 54 Ind. App. 658, 103 N. E. 354, the following rule is announced, which we think is entirely applicable to the case at bar and in keeping with instructions given:

"The general rule is that, in an action by the lessee to recover for failure of the landlord to give possession, the lessee is entitled to the difference between the agreed rent and the actual market rental value of the premises for the term, plus such special damages as may have been directly and necessarily occasioned by the defendant's wrongful act or default."

The same rule is announced in 25 Cyc. page 1052:

"In an action by the lessee against the lessor for refusal or failure to give possession of the demised premises, the measure of damages is ordinarily the difference between the rent reserved and the rental value of the premises for the term; and if its value be no greater than the rent reserved only nominal damages can be recovered. Where, however, other damages have resulted as the direct and necessary or natural consequences of the lessor's conduct, such as losses incurred in the expense and preparation to carry out the lessee's agreement under the lease, they are also recoverable in the action."

And numerous other authorities are cited in support of this rule. We have carefully considered the authorities cited by appellant in support of her contention, and especially the case of Flureau v. Thornhill, an old English case, a discussion of which will be found in Southerland on Damages (1st Ed..) vol. 2, p. 207, and the pages following, which clearly distinguishes the character of cases to which the rule announced in the Thornhill Case applies, and in which it does not apply, and in our judgment the rule announced in the Thornhill Case should not control in cases of this character. We therefore recommend that the case be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 36 C. J. pp. 57, 59, §676; 16 R. C. L. p. 727.