## THRAILKILL v. DOYLE.

No. 18604. Opinion Filed Dec. 18, 1928.

Arrington & Evans, for plaintiff in error.

Goode & Dierker, for defendant in error.

HEFNER. J. S. A. Doyle, defendant in error, as plaintiff, brought suit against J. G. Thrailkill, plaintiff in error, as defendant,

for possession of certain lots in the town of Maud, Okla. Plaintiff alleged he was the owner of a lease on the property beginning August 28, 1925, and ending August 28, 1926; and that he obtained a judgment in a justice of the peace court on the 11th day of September, 1925, for the possession of the property. He further alleged the reasonable rental value of the property was $40 per month, and prayed judgment for double the amount of the rental value. After a demurrer had been overruled, the defendant in his answer alleged he was a married man and his family consisted of his wife and two children, and at the time of the alleged contract in question, and for several months prior thereto, he and his family had been in the possession and occupancy of the property as a homestead, and his wife did not agree to the lease contract.

The court instructed the jury to return a verdict in favor of the plaintiff for double the rental value of the property less the amount agreed to be paid by the plaintiff as rent for the premises. The jury returned a verdict, and the court entered its judgment in accordance therewith.

The judgment of the justice court awarding possession of the premises to the plaintiff became final. Notwithstanding this judgment, the defendant, who was the owner of the property, refused to deliver possession. When the judgment of the justice court became final, it settled the issue as to who was entitled to possession of the property. The judgment awarded the possession to the plaintiff. The question for this court to determine is, Did the trial court in the case at bar commit error in instructing the jury that the plaintiff was entitled to recover double the rental value of the property?

Section 6004, C. O. S. 1921, provides that upon the failure of a tenant to give up the premises held by him, when he has given notice of his intention to do so, the measure of damages is double the rent which he ought otherwise to pay. This section is not applicable, because Thrailkill, the defendant, was not a tenant of Doyle. The defendant testified he and his family occupied the property as a homestead and had so occupied it for about two years. He further testified that he and Mr. Doyle, the plaintiff, had an agreement with reference to renting the property to Mr. Doyle. In his petition the plaintiff alleged he was a lessee. The evidence is sufficient to establish the fact that the property actually belonged to the defendant. Since the property belonged to Thrailkill, he was not a tenant of Doyle,

and the above statute could not be applicable for that reason.

Section 6005, C. O. S. 1921, is as follows:

"For willfully holding over real property, by a tenant after the end of his term, and after notice to quit has been duly given, and demand of possession made, the measure of damages is double the yearly value of the property, for the time of withholding, in addition to compensation for the detriment occasioned thereby."

By a careful reading of the statute and the facts in the case, it will be seen that this statute is not applicable. In the first place, it was not shown that Thrailkill willfully held the property. In the next place, the evidence discloses that he, instead of being a tenant, was the owner of the property.

Section 5997, C. O. S. 1921, is as follows:

"The detriment caused by the wrongful occupation of real property, in cases not embraced in sections 5998, 6004, 6005, and 6006, is deemed to be the value of the use of the property for the time of such occupation, not exceeding six years next preceding the commencement of the action or proceeding to enforce the right to damages, and the costs, if any, of recovering the possession."

This statute seems to be applicable to the case at bar, and the measure of damages announced by this court in the case of Mounts v. Reed Stores Co., 116 Okla. 48, 243 Pac. 230, is also applicable. In the syllabus of that case it was said:

"The proper measure of damages recoverable by the tenant, on failure of the landlord to deliver possession of the leased premises, is the difference, if any, between the rental agreed upon and the actual rental value of the property, together with any special damages incurred in good faith and necessarily expended by the tenant in preparing to occupy the leased premises."

The facts in this case justify the conclusion that Thrailkill was in the position of landlord and Doyle was in the position of tenant. In such a case, the proper measure of damages recoverable by the tenant is the difference, if any, between the rental agreed upon and the actual rental value of the property, together with any special damages incurred in good faith and necessarily expended by the tenant in preparing to occupy the premises.

The court committed error when it instructed the jury that the measure of damages was double the rental value of the property.

186

The judgment is reversed, with directions to grant a new trial.

BRANSON, C. J., MASON, V. C. J., and HARRISON, PHELPS, HUNT, CLARK, and RILEY, JJ., concur.