### DILLS v. CALLOWAY.

No. 26083.   Nov. 26 1935.

Rehearing Denied Dec. 24, 1935.

Frank C. Crouch, for plaintiff in error..

J. Q. A. Harrod and Laynie W. Harrod, for defendant in error.

PER CURIAM. This action was instituted in the court of common pleas of Oklahoma county, on February 21, 1934, by J. P. Calloway, defendant in error, against A. J. Dills, plaintiff in error, to recover damages in the sum of $1,000, alleged to have been incurred by reason of the failure of plaintiff in error to deliver possession of certain farm land in Grady county, Okla., to defendant in error upon which he held a lease contract for the year of 1934. The parties will hereinafter be referred to as they appeared in the trial court.

The material facts necessary for determination of the issues in this case on appeal are as follows: The defendant as owner of the farm executed an agricultural lease to the plaintiff under date of August 16, 1933, which was to run from January 1, 1934, to December 31, 1934, with the privilege of re-renting same for the following year of 1935 on the same terms. The lease contract provided that the plaintiff should pay to the defendant as rental one-fourth of the cotton, one-half of the alfalfa, and one-third of all grains raised on the land, and $100 in cash to be paid on January 1, 1934. It further appears that at the time of the execution of this contract the land in question was in the possession of another tenant, who at the end of the year refused to vacate, or permit the plaintiff to take possession of the same under his lease contract. These facts are not denied, and in the course of the trial are substantially admitted. In any event the plaintiff never was given possession of the premises under his contract.

This action appears to have been instituted and was tried in the lower court upon the theory that the applicable measure of damages was the rental value of the land for the year covered by the lease contract, that is, 1934. Upon the trial of that issue before a jury a verdict was returned in favor of the plaintiff for the sum of $600, and thereafter upon hearing motion for a new trial filed by the defendant, the court required the plaintiff to remit the sum of $100, overruled the motion, and entered judgment for the sum of $500, to which the defendant excepted. No exception was taken or saved to any instruction given by the court. Certain requested instructions were presented by the defendant, refused by the court, and exceptions saved.

Counsel for the plaintiff took the position in the trial court, and still contends, that the measure of damages in this case is controlled by the rule announced by this court in the case of DeArman v. Oglesby et al., 49 Okla. 118, 152 P. 356, wherein the court used the following language:

"The true measure of damages, where a lessee of agricultural lands is wrongfully dispossessed and thereby hindered from cultivating the land, is the rental value of the land, plus the labor of breaking it or otherwise preparing it for the reception of the crop."

Counsel for the defendant at the trial conceded the rule stated in that case was controlling relative to the measure of damages in this case, and in stating his position on that question in his brief in this court says:

"There is no question in our mind but that the holding of the Supreme Court of the state of Oklahoma has been, for a long time, that is the law, and it is with the idea in mind of convincing the Supreme Court that such is not the law, that it ought not to be the law, that it is bad law, and that it is not based upon any statute ever enacted by the Legislature of the State of Oklahoma, and that it is positively antagonistic to all the statutory law of the state of Oklahoma, treating the subject of damages that we prosecute this appeal (which, in our opinion, must be done)."

After carefully reading the cases of De Arman v. Oglesby et al., supra, and Mullen v. Barnes, 65 Okla. 47, 162 P. 936, the cases cited by the defendant in support of the theory upon which this case was tried in the lower court, we are forced to conclude that the rule as to the measure of damages announced in those cases has no application to the facts developed in this action. In those cases the tenant had taken possession of the premises and was farming the same, but was later evicted and suit instituted for a wrongful dispossession. In the instant case the plaintiff was never in possession of the premises rented as tenant, and this suit was filed for damages on account of the failure of the defendant landlord to place him in possession. We are therefore obliged to hold that the rule of damages announced in the above cases was not the proper measure of damages in this action.

The briefs filed by the attorneys for the respective parties in this case have been of but little assistance to us in our consideration and disposition of this appeal. We be-

lieve had counsel in this case taken the trouble to familiarize themselves with the prior decisions of this court, wherein we believe the rule of damages applicable to this and similar cases has heretofore been announced and followed, the result of the trial of this cause in the lower court might have been satisfactory to all parties concerned. We refer to the cases of Mounts v. Reed Stores Co., 116 Okla. 48, 243 P. 230, and Thrailkill v. Doyle, 134 Okla. 184, 272 P. 831. In the former case this court, in considering the measure of damages applicable in an action by a tenant against his landlord for failure to deliver possession of the premises, states the rule in the following language:

"The proper measure of damages recoverable by the tenant, on failure of the landlord to deliver possession of the leased premises, is the difference, if any, between the rental agreed upon and the actual rental value of the property, together with any special damages incurred in good faith and necessarily expended by the tenant in preparing to occupy the leased premises."

The above cases involve leases wherein the tenant was to pay only a money rental, while in the instant case a portion of the rental was to be paid in money and the remainder in portions of the crop raised on the premises, but it does not appear that there can be any substantial difference in the principle involved. Reeves v. Romines (Ark.) 201 S. W. 822.

We gather from the brief of the defendant that he relies upon three propositions for a reversal of this case, but he does not separately state or argue any of them, or cite an authority to support them. We believe they are, first, that the case was tried on the wrong theory as to the measure of damages, with which we agree; second, that the court erred in refusing to give requested instructions; and third that the amount of the judgment is excessive. Counsel for the plaintiff contends that the defendant is precluded and estopped from predicating error on his first proposition for the reason that he invited and acquiesced in the error, if any, by his conduct in the trial of the cause in the lower court. This necessitates, an examination of the record as to the acts, conduct, and position assumed by counsel at the trial.

In this connection, at the time counsel for plaintiff asked his first witness whether he was acquainted with the reasonable rental value of the land, for the purpose of establishing the amount of damages and what it was worth, the following proceedings are shown by the record:

"Mr. Crouch: Wait a minute. The Court: I wouldn't think that would be the measure of damages. Mr. Harrod: That is the very point. The Court: According to your lease, it was rented on crop rent, with a cash payment of $100. Mr. Harrod: Yes, but that is not the way, if the court please, to arrive at the damages in this case. This man never took possession of the property, you see, and it is a different question involved. Now, if he had gone into possession, and planted his crop His Honor's theory of it would be right. I have got some decisions here of our Supreme Court on it. The Court: That would be the rule if—Mr. Harrod: That is naturally the theory we went on in this suit until the courts changed us; they changed us. Mr. Crouch: I am inclined to believe that counsel is right, if the court please, in his view of the law. Mr. Harrod: Counsel thinks I am right. The Court: All right, proceed. Mr. Crouch: However, I want to object to the witness answering this question, on the ground that he has not been properly qualified to answer that question. The Court: He may qualify the witness."

The record further shows that testimony from other witnesses of the same kind was introduced by plaintiff without objection from the defendant, and that after the plaintiff rested the defendant introduced the testimony of witness of the same nature in rebuttal thereto, and at the close of the testimony the court, by instruction No. 3 relative to the measure of damages, told the jury: "You are instructed that if you find for the plaintiff in this case, then the true measure of damages therefor is the rental value of the land." No exception was taken to this instruction or to any other one given by the court.

This court has held in a long line of cases that on appeal in the Supreme Court a party will not be permitted to secure a reversal of a judgment upon error which he has invited and acquiesced in, or try his case on a theory inconsistent with that taken in the trial court. Green v. Sammons, 142 Okla. 36, 284 P. 1115; Hunt v. Van Siclen, 136 Okla. 69, 276 P. 182; Muskogee Electric Traction Co. v. Dunnam, 129 Okla. 70, 263 P. 1091; Kurz v. Stafford et al., 135 Okla. 121, 274 P. 674; Beatty et al. v. Beatty et al., 114 Okla. 5, 242 P. 766; Great American Ins. Co. v. Allen et al., 116 Okla. 56, 243 P. 194; Hutchins v. Richardson, 100 Okla. 80, 227 P. 432.

In view of the holding of this court in

the above cases, and the record made by the defendant in the trial court, we are constrained to hold that the defendant cannot now question upon appeal the theory upon which he elected to try this case in the lower court.

The second proposition urged by the defendant for a reversal is the refusal of the court to give his requested instruction No. 2, which reads as follows:

"You are further instructed, gentlemen of the jury, that to constitute a right to recover damages, the party claiming damages must have sustained a loss; the party against whom they are claimed must be chargeable with a wrong; the loss must be the natural and proximate consequences of the wrong. There is no right to damages, properly so called, where there is no loss. And in this connection, you are further instructed that if you find from a preponderance of the evidence, that the plaintiff has suffered no damages, your verdict should be for the defendant and against the plaintiff."

It will be noted that the court had already given its instruction No. 3, in the language hereinbefore stated, without objection on the part of the defendant, relative to the measure of damages in accordance with the theory upon which said cause had been tried, and by which the jury was to be guided in fixing the amount of their verdict in the event they found for the plaintiff. This instruction given substantially stated the law under the theory on which this case was tried, and we do not see wherein the jury could have been further materially enlightened by the giving of said requested instruction. This court has held in numerous cases that it is not error to refuse a requested instruction, where the court has given an instruction covering the same subject-matter, and no exception was taken to the instruction given. Seamans Oil Co. v. Davis, 87 Okla. 14, 208 P. 802.

The last proposition argued by the defendant is that the amount of the judgment is excessive. The witnesses testifying on the part of the plaintiff fixed the reasonable rental value of the premises at from $800 to $1,200 per year, while those who testified on this question in behalf of the defendant fixed the amount at from $600 to $700. The jury returned a verdict in this case for the sum of $600 as the rental value of the premises and the damages, which was the smallest amount fixed by any witness who testified. This verdict was reduced by the court to the sum of $500, and is abundantly sustained by the evidence. In the case of Brown v.

McNair, 125 Okla. 144, 256 P. 903, the rule is stated:

"This court will not modify a judgment in an action for damages, where it is sustained by sufficient evidence, on the ground it is excessive, unless it appears either to have been rendered through passion or prejudice, by reason of the amount of the verdict or otherwise."

Passion or prejudice does not appear to be involved by the amount of the verdict returned by the jury in this case.

Finding no reversible error in the record, the judgment is affirmed.

The Supreme Court acknowledges the aid of Attorneys J. B. Sowder, C. C. McCollum, and P. E. Rowe in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Sowder and approved by Mr. McCollum and Mr. Rowe, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and CORN, JJ., concur.