ANDERSON v. HODGES.

No. 29136.    March 12, 1940.

Rehearing Denied April 2, 1940.

*100 P. 2d 853.*

Criswell & Criswell, of Wewoka, and A. E. Pearson, of Oklahoma City, for plaintiff in error.

Bishop, Bishop & Seay, of Seminole, for defendant in error.

DANNER, J. The plaintiff in error appeals from an adverse judgment, based on a jury verdict, in an action commenced against him by the plaintiff for damages alleged to have been occasioned by reason of defendant's breach of an oral farm lease contract.

In substance the petition alleges that in December, 1933, the plaintiff and defendant entered into an oral contract whereby the defendant, as owner, leased to the plaintiff for the year 1934 about 180 acres of farm land for the customary one-third of the grain and one-fourth of the cotton grown by the plaintiff on the land. That the defendant failed and refused to deliver possession of the lands as contemplated under said agreement, resulting in damages to the plaintiff as prayed for in the petition. The answer of the defendant was sufficient to place in issue all material allegations of the petition.

For reversal of the judgment the defendant argues: First, that the judgment is not supported by sufficient evidence; second, that the court erred in instructing the jury on the measure of damages. On the last point the court gave the following instructions:

"In taking into consideration the measure of damages as suffered by the defendant, if any, you may consider the rental value of the land for the year 1934 and all necessary incidental expenses incurred in making such contract.

"You are instructed that the law provides that for the breach of an obligation arising from contract, the measure of damages is the amount which would compensate the parties aggrieved from all detriment proximately caused thereby, or which in ordinary course of things would be likely to result therefrom, and in this case the measure of damages would be the reasonable rental value of the 180 acres of land as alleged in plaintiff's petition for the year 1934."

In establishing damages plaintiff's evidence was confined to proof of the rental value, or, as the court suggested on the trial, the cash rental value of the lands for the year 1934. No special damages were proved.

Section 9963, O. S. 1931, 23 Okla. St. Ann. § 21, the governing statute, reads as follows:

"For the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this chapter, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom. No damages can be recovered for a breach of contract, which are not clearly ascertainable in both their nature and origin. (R. L. 1910, § 2852.)"

Under the foregoing statute, we have held that "the proper measure of damages recoverable by a tenant, on failure of the landlord to deliver possession of the leased premises, is the difference, if any, between the rental agreed upon and the actual rental value of the property, together with any special damages, incurred in good faith and necessarily expended by the tenant in preparing to occupy the leased premises." Mounts v. Reed Stores Co., 116 Okla. 48, 243 P. 230. See, also, Thrailkill v. Doyle, 134 Okla. 184, 272 P. 831. The rule extends to lease contracts wherein crop rents or cash rents are agreed upon. Dills v. Calloway, 175 Okla. 395, 52 P. 2d 707; Reeves v. Romines, 132 Ark. 599, 201 S. W. 822. In Dills v. Callaway, supra, this court held that the decision in DeArman v. Oglesby et al., 49 Okla. 119, 152 P. 356, cited and relied upon by the plaintiff, did not establish the proper measure of damages for landlord's failure to deliver possession of leased premises. The plaintiff contends that the criticized instructions, though inaccurate, are insufficient to justify reversal of the cause for the reason that the defendant did not request

proper instructions. Citing Commercial Drilling Co. v. Kennedy, 172 Okla. 475, 45 P. 2d 534; Magnolia Petroleum Co. et al. v. Jones, 185 Okla. 309, 91 P. 2d 769.

We do not believe that the authorities cited are controlling under the facts in the present case. In the first place, in the case at bar the measure of damage is fixed by the statute and an instruction substantially in the language of the statute would have been sufficient. In this situation we believe it was the duty of the trial court on its own motion to give an instruction on the measure of damages in harmony with the provision of the statute. Beams v. Young, 92 Okla. 294, 222 P. 952; Oklahoma Producing & Refining Corp. v. Freeman, 88 Okla. 166, 212 P. 742; First Nat. Bank v. Cox, 83 Okla. 1, 200 P. 238; Stout v. Mott, 105 Okla. 74, 231 P. 532; Indian Territory Illuminating Oil Co. et al. v. Johnson, 177 Okla. 288, 58 P. 2d 888.

Again, we think the instructions on the measure of damages as given by the court were misleading to the jury and resulted in a verdict in favor of the plaintiff for a greater amount than the evidence justifies. Under the instructions given, the jury was advised that it might return a verdict for *what it found as the rental value of the farm,* not exceeding the amount of $1,500 claimed as damages in the petition. The verdict was for $970, $70 in excess of the highest amount fixed by any testimony presented on the trial. Under the provisions of section 1000, O. S. 1931, 23 Okla. St. Ann. § 96, the plaintiff was not entitled to recover a greater amount than he could have claimed by the full performance of the contract on both sides. 15 Am. Jur. 402. Inasmuch as we conclude that the cause must be reversed on account of the erroneous instructions complained of, we do not pass upon the sufficiency of the plaintiff's evidence further than to suggest that the evidence in support of the allegations of the petition is not free from inconsistencies and doubt.

The judgment is reversed and the cause is remanded to the trial court, with directions to grant the defendant a new trial.

RILEY, OSBORN, GIBSON, and HURST, JJ., concur.