J. F. FERRELL, Jr., and Bette J. Ferrell, husband and wife, J. F. Ferrell and J. F. Ferrell, Jr., a co-partnership, Plaintiffs in Error,

v.

STATE of Oklahoma ex rel. DEPARTMENT OF HIGHWAYS of the State of Oklahoma, Defendant in Error.

J. F. FERRELL, and J. F. Ferrell, Jr., and Bette J. Ferrell, husband and wife, J. F. Ferrell, Executor of the Estate of Lela Ferrell, deceased, J. F. Ferrell and J. F. Ferrell, Jr., a co-partnership, Peggy Snell and Inza Ahia, Plaintiffs in Error,

v.

STATE of Oklahoma ex rel. DEPARTMENT OF HIGHWAYS of the State of Oklahoma, Defendant in Error (two cases).

Nos. 40190–40192.

Supreme Court of Oklahoma.
Nov. 19, 1963.

W. W. Godlove, Lawton, Clayton B. Pierce, Pierce, Mock, Duncan, Couch & Hendrickson, Oklahoma City, for plaintiffs in error.

Thomas N. Keltner, Oklahoma City, for defendant in error.

HALLEY, Vice Chief Justice.

Parties will be referred to as they appeared in the trial court.

These three consolidated appeals are from judgments of the District Court of Comanche County, Oklahoma. Three sep-

arate cases were filed in the District Court to condemn certain lands for highway purposes and were numbered 19530, 19531 and 19532. Commissioners were appointed in each case under 69 O.S.1961 § 46, and made a report in the respective cases. They were filed on April 27, 1961. On May 2, 1961, exceptions to the Reports of Commissioners were filed. On June 20, 1961, the trial judge entered his order sustaining objections and exceptions to said Reports. On July 5, 1961, an order was made in each case appointing new commissioners. On August 1, 1961, an order was made in these cases which is in part as follows:

"That the Order of the Court heretofore rendered, setting aside the Report of Commissioners and appointing new appraisers, be rescinded. That the appeal therefrom by the defendants, with the permission of the defendants be dismissed; that the Cost bond be canceled. The Report of the Commissioners is to be reinstated. The Plaintiff is to pay the amount of such award as soon as vouchers clear. That the defendants are to execute a Bond to the State of Oklahoma in the sum of such award, conditioned on the return of any excess over the final adjudication of said cause. That the plaintiff is allowed to file a demand for jury trial within 10 days from the date hereof *the defendants agree that such demand if filed is timely.*" (Emphasis ours.)

This order was approved by both counsel for plaintiffs and defendants. The demand for jury trial was duly made on August 2, 1961. On November 28, 1961, two propositions were agreed upon at the pretrial conference and the pertinent parts of the order are as follows:

"It is agreed that the Plaintiff may join as a party defendant J. F. Ferrell, Executor of the Estate of Lela Ferrell, Deceased. It is further agreed that the Plaintiff may join as party Defendant J. F. Ferrell and J. F. Ferrell, Jr., a Co-partnership.

"It is further agreed that the three above styled and numbered causes be consolidated and tried at the same time with only one verdict form returned by the jury, and that the Defendants will apportion the recovery among them with the court to decide how much of the award should be for land actually taken and how much of same should be applied to detriment or damages to the land remaining and not taken."

The approval of the order is shown by the signatures of counsel for both plaintiff and defendants.

Although he approved the pre-trial conference order counsel for defendants filed a motion on November 30, 1961, to dismiss the demand for jury trial. This particular counsel was a partner of the lawyer who from the record was looking after this case but who had died a short time after the order was made on August 1, 1961, setting aside Reports of Commissioners, and which order is set out above.

The commissioners in their Reports of April 27, 1961, allowed $38,410.50 in case No. 19530, $34,695.00 in case No. 19531, and $12,540.00 in case No. 19532.

On December 4, 1961, a trial to a jury was had in the three consolidated cases and verdict was for the defendants in the sum of $39,500.00. On July 13, 1962, a judgment was entered requiring the defendants to pay to the plaintiff $46,145.50, the difference between the amount allowed by the commissioners and that fixed by the jury.

The defendants' motion for new trial was overruled and they appeal to this Court in separate appeals, numbered 40,190, 40,191 and 40,192.

The defendants have raised two propositions for the reversal of this cause and they are:

"PROPOSITION I

"In condemnation proceedings instituted by the Department of Highways of the State of Oklahoma, Title 69, Okla.Stat., Sec. 46, the District Court

has no lawful jurisdiction to grant an appeal from the initial appraisement, by way of trial by jury, unless a written demand therefor is filed within sixty (60) days after the filing of such appraisement."

"PROPOSITION II

"Upon the consolidation of two or more cases for trial by jury, the trial court has an absolute duty to require that the jury return a separate verdict in each action."

■ We are unable to agree with defendants' first contention for the reason that defendants agreed through their lawyer that the order of the trial court setting aside the Report of Commissioners could be made and the original report revived and also that the plaintiff should have ten days to demand a jury trial. The amount of the award was deposited in each case. By this procedure the defendants could and did draw down the money awarded by the commissioners. If this had not been done the defendants could not have gotten this money until the new commissioners had filed a report. It is to be remembered that the trial judge had appointed new commissioners. The order reinstating the first award of the commissioners specifically provided that the plaintiff had ten days within which to demand a jury trial in each case. This demand was made in the ten days. We know of no reason why this could not be done and none has been pointed out. Certainly it expedited the disposition of the three cases in the trial court. The defendants have cited no case where counsel for defendants could not agree that such an order be vacated and time given to demand a jury trial. For them it was either this or have a new commissioners' report.

The cases cited by the defendants on the question of jurisdiction to extend time to demand a jury trial are not in point because no one of them involved a case where new commissioners had been appointed after the first award. To hold

otherwise in this case would work an entrapment of the plaintiff. We do not consider this a jurisdictional question.

■ Assuming however, there may have been an error in reinstating the first award by agreement of the parties, it was an invited error and we think that our holding in Dills v. Calloway, 175 Okl. 395, 52 P.2d 707, answers defendants' argument on this question. We said in the second paragraph of the syllabus:

"A party on appeal in the Supreme Court will not be permitted to secure a reversal of a judgment upon an error which he has invited and acquiesced in, or assume a position inconsistent with that taken in the trial court."

■ In 83 C.J.S. Stipulations § 10(10) this rule is found:

"The parties may make such stipulations as to trial as are not in contravention of peremptory requirements of law or rules of court."

Defendants could not blow hot and cold. It was to their particular advantage to have the original Report of Commissioners stand up. The action of the trial court was not in contravention of any peremptory requirements of law or rules of court.

In regard to defendants' Proposition II, it appears that the defendants agreed to a "lump sum" verdict in pre-trial conference. It also appears that the trial court instructed the jury, without objection, to "award one sum and amount only * * * and said sum as fixed by you will be apportioned among all of the Defendants herein by the Court."

■ We believe the defendants will be able to divide the fruits of this action and the liability of each as to the money that will have to be returned to the State. If not they will have recourse to the court as stated in the court's instruction to the jury. The principles of law announced in Dills v. Calloway, supra; Yamie v. Willmott, 184 Okl. 382, 88 P.2d 325; and Finley v. Bd. of Co. Com'rs, Okl., 291 P.2d 333, appear to be decisive of the arguments

presented under defendants' Second. Proposition.

█ Also, in 83 C.J.S. Stipulations § 10(11) is found a statement as to stipulations in regard to instructions and verdict which is:

"Parties may bind themselves by stipulation as to the instructions and verdict if the stipulation is not in contravention of peremptory statutory requirements."

In our opinion the defendants are bound by their agreements.

The judgment of the trial court is affirmed.